**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4506**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARCUS JOHNSON, a/k/a Jay Johnson,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:06-cr-00220-1)

Submitted:  April 8, 2014          Decided:  April 17, 2014

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Abraham Julian Saad, SAAD LAW OFFICE, Huntington, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Joseph F. Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Johnson appeals the sentence imposed by the district court after his supervised release was revoked because he violated several conditions of supervision. Johnson contends that the sentence was plainly unreasonable because it was longer than necessary to serve the purposes of supervised release and it was imposed solely because the court wanted to punish him. We have reviewed the record and the court's reasons for imposing the sentence at issue and find no error. Accordingly, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. Only if we find the sentence procedurally or substantively unreasonable must we then decide whether it is "plainly" so. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the Sentencing Guidelines. The district court

must also provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Here, the district court correctly calculated the advisory policy statement range as four to ten months, the statutory maximum sentence of sixty months, considered the advisory sentence, and gave the parties an opportunity to present argument.

A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

We conclude that the district court stated a proper basis for ordering the sentence it did when it took note that Johnson was unable to abide by the conditions of supervision. See Moulden, 478 F.3d at 655 (noting that revocation sentence is intended "to sanction the violator for failing to abide by the conditions of the court-ordered supervision and to punish the inherent breach of trust indicated by the defendant's behavior" (internal quotation marks omitted)). We note that the court acted within its authority when it cited deterrence as a reason for the sentence. See United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013) (explaining that district court appropriately considered whether "sentence would adequately deter violations of supervised release").

3

Accordingly, we affirm the district court's revocation of supervised release and judgment order.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] We will not accept Johnson's invitation to reconsider the standard of review stated in Crudup. See, e.g., Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting *en banc* can do that." (internal quotation marks and citation omitted)).